This is a sanctioned case which arises out of a deposition in the district court and the motion was brought under rule 37b-2 for sanctions. However, 37b-2 requires the existence of a previous court order compelling discoveries. Was Dr. Gunther there? Was he where? Dr. Gunther showed up for the deposition, right? Showed up and testified. Well, for a while.  Then you pull him down, right? He showed up and testified. How long? Ten minutes or something like that? To the best that we could do for the facts. He was there as a fact witness to testify as to facts. And, well, I understand where the issue comes up and they keep asking claim construction questions and why didn't you just continue to object, continue to say you don't need to answer that question, and remain available, at least, throughout the duration of the hours that you're required to have the witness available. Because that was a catch-22 of the situation. They noticed a witness to testify as to facts relating to the infringement. Once we got there, you had continually questions of claim construction. I understand the difficulty with claim construction, back law, but why didn't you... He's a corporate witness. He's testifying under Rule 30b-6. I object, I object, I object. Why didn't you just continue objecting and continue saying you don't need to answer that? That's a legal question and you're... I'm instructed not to answer. All I can do is object. You can? And why didn't you just continue to do that until... Because the witness is not qualified to give legal conclusions. We form a transcript. We go to the judge... But after a couple of minutes, you just pull him down. And they think, well, we haven't gotten our chance. Why didn't you just give them the chance and continue to object until they went on to something that was appropriate and within what you considered to be the appropriate scope? They weren't going to anything appropriate, but the problem is you generate a record. Well, how do you know that? He was only there ten minutes or so, right? We were only there on one subject, and all the questions were directed to the same subject. The problem is you create a record. If you go to the judge then and say, I objected and the judge overruled your objections, you're stuck with that record which was generated by a fact witness who's not competent to testify as to the law. And what we did, had we known that before, we would have gone to the judge and gotten ruling. We didn't know that before because the deposition notice was to facts. So I had a right under Rule 30b-4 to seek a protective order, to go to the judge, suspend the deposition, go to the judge and get a ruling. The judge said, no, what you have to do is listen to those questions and all you can do is object. And at that point, I substituted a lawyer who had the legal ability to answer these questions so that I would not have a record created by a lay witness who did not understand the legal niceties of claim construction. And so protecting myself and protecting my client and protecting the record, it was incumbent upon me not to create a record that could potentially be used against my client in the future from a lay witness who didn't understand the legal niceties. But that wouldn't have happened if you'd just kept objecting, right? No, because then you would have the record, the district court overrules the objections and there is a record by a lay witness on legal questions. I wanted to get a ruling from the district court judge, is this proper? Because this witness is not here, he was not prepared to testify as to claim construction issues. Well, you got a ruling, but the ruling wasn't what you expected. Right, and then I substituted a patent lawyer. We went back, he asked all those questions again, I objected, we'll see what the future holds, but at least I protected my client so that we have a record of someone testifying who was legally competent to do it. Mr. Chambers, I understand, of course, that claim construction is a matter of law, but was your witness being asked about really legal questions or questions which sort of verge on infringement? I want him to tell me whether the opening, as it's referred to in the claims chart, has any depth. Does it stop at the face, the flat front of the injector, or does the opening include anything further back into the injector? Those don't sound like really legal inquiries, but inquiries verging on the question of infringement. Why was that so clearly out of bounds? Because this court in the previous decision had simply said what an opening was. There was an opening, he was prepared to point to the opening where the syringe went in. Then when you go beyond that and start questioning with all these hypotheticals, well, is it over here, is it over here, the claim simply says an opening. But isn't our presiding judge correct that it's really practically impossible to draw a line between infringement and claim construction? I agree that there are a number of situations. It's not. I've taken depositions myself where I've asked infringement questions that don't bear a claim construction, and I've been careful to do that. Our presiding judge just read a couple of questions that sound, I could interpret those as infringement questions. They're referring to the device in question, the accused device. And I could infer them as inextricably bound with claim construction questions. Well, of course, but see that's the problem is that there's always, infringement is inextricably bound to claim construction, always. And that's why we sought a ruling from the court. And you thought it was so clear that you walked out. I'm sorry? You thought it was so clear that you walked out, and the court imposed sanctions. And of course we have a high standard of review on sanctions. I understand, but the court imposed sanctions under Rule 32b-2, which requires a previous order of the court, and there was no previous order of the court that was violated here. Let me see if I understand. The answer that you gave, as I understand, to the question of where were you prejudiced, I think Judge Rader raised the question, by doing why you did what you did as opposed to simply objecting, was that you were afraid that the district court would rule against you, right, and say that the questions were proper. That's a possibility. But if that happened, then that, by definition, would show that you were wrong in objecting, and a fortiori, wrong in walking out, right? So assuming you were right, assuming that you felt that your position was right, and it was reasonable, and it was one that ultimately the district court would agree with, then you had no prejudice in that situation. It strikes me there's an element of self-help here. In other words, you wanted to protect against the risk that the district court would say that these questions are proper, but that's the very risk, it seems to me, that's inherent in continuing that position when the district court may ultimately decide this was perfectly appropriate questioning. In other words, you foreclosed the possibility that those questions were, in fact, proper, haven't you? No. The point was, had we been on notice beforehand that there were going to be questions inquiring into claim construction, I would have gone to the judge and got a ruling. We did not have that notice because the deposition notice was directed to facts. During the deposition, that changed. And so I object. I can go to the judge. I may win. I may lose. But if I lose, then I want to be in a position to say, Judge, if you're going to say that these questions are proper, I want to present a witness with legal capabilities to answer that. And she agreed with that. Now, I take it there was no effort at the time of the deposition to reach the court by telephone and get a resolution of this issue? Correct. In fact, I thought the issue was important enough that I wanted a transcript of the questions that I could present to the court so the court could see exactly what the questions were. Because in the deposition, you get on the phone and you say, Oh, I asked him about this, and then, well, no, you asked him this. And the judge has nothing to work with. This is an important issue. It's an important issue in the district courts as to the scope of interrogation on claim construction. I thought it important enough to take it to the judge under Rule 30b-4 and get a ruling. There are four courts that we cited in our brief that say these types of questions are improper. MedRat hasn't even responded to those. These types of questions? Yes. What types? Questions going to legal issues in claim construction. Okay. Well, I mean, that's a matter of interpretation, isn't it, as we've said? And I think that's what the district court judge was there for, to give us an interpretation. And once she gave us an interpretation, then we're in a position to accept that and substitute a witness who had legal capabilities. Now, you said there was no order. I have some testimony here where the court said, I'm disinclined to intercede to expedite these depositions other than to the extent necessary, directing Mr. Chambers and LF to make these two experts available either July 25th or 26th. That's not an order? That's not an order, Your Honor. What happened was we proposed that they be—we proposed those dates voluntarily. They filed a motion for an expedition to move those dates up. Those dates were convenient with the witness. They filed a motion to expedite. And the court made that comment. It's not an order. It's not in response to a motion to compel. We're not resisting anything. We're saying they're available. And she merely makes that comment, just saying, okay, do what she said you were going to do anyway. That's not a court order compelling anything, at best. And then when she submits her order, which is at appendix page 208, when she submits her order, she says Medrad's motion is denied. And that's subsequent to that comment in the telephone conversation, and at the very least that would be the controlling decision in the case. But even beyond that, even if you said this is a scheduling order, that would not deprive us of our rights under Rule 30b-4 to bring other issues to the court. Just because there's a scheduling order doesn't suspend any other rights you have under the federal rules. Setting aside Rule 37, why wouldn't this sanctions order, assuming on the merits it was correct? I understand you dispute that. But in terms of the procedure, the particular rule under which the court proceeded, why wouldn't it be legitimate under 30d-3 if the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose sanctions? Because that doesn't require a prior order. Two responses to that, Your Honor. Had they made that motion and invoked 30d-3, our response would have been that Rule 30d-4 trumps that provision. Because in any rule of statutory or rule of construction, the specific trumps the general. 30d-4 gives a specific right on demand to suspend a deposition to seek a protective order. Second point, they should have made that motion in the district court. They didn't. I think it's improper, and it's no procedure that I know, that you could have an invalid award of expenses under one rule and then go to the appellate court and say, oh, it's justified by another. It should have been in the district court in the first instance, in which case we would have noticed that there was an issue under Rule 30d-3, and we would have had an opportunity in the first instance to respond to that. Mr. Chambers, you're well into your rebuttal time, and we can't afford to give you extra time, so we'll save your minutes and 30 seconds for rebuttal. Thank you, Your Honor. Mr. McGuff. May it please the Court. Let me jump right to the point that Mr. Chambers tried to make repeatedly, that they were somehow surprised by what happened at the deposition. How about the question of a lack of an order? Your Honor, you went right to the first part of what the district court said, and that is, she is directing Mr. Chamberston and LF to make the two experts available. The very next page she says, so I'm going to deny your motion to compel a deposition testimony to the extent that you want it any sooner than July 25th or 26th. When a court directs me to do something, I consider it an order, Your Honor, and you have to understand the context in which this occurred. But in the Sixth Circuit, according to Sixth Circuit law, which is what's governing us here, right, you don't just have to give an order, you have to warn them that failure to cooperate could lead to a sanction. Where's the warning? I gave the warning, Your Honor. I gave the warning at the deposition. When Mr. Chambers said after a half an hour this deposition is over, I specifically said, we're here in Cincinnati to take this deposition. If you do this and you lose, we are going to seek fees and sanctions, and we did. Can you show us some Sixth Circuit precedent that a counsel can give that warning or that warning is not necessarily to come from the court? No, Your Honor, I can't. All I can do is suggest that the rule says there should be a warning. And doesn't that suggest that it might have to come from the court? I don't believe so, Your Honor. If the court issues an order and directs you to do something, I've never taken the position that I can't be sanctioned for violating that order unless the court also says, and if you violate the order, this is what's going to happen. There's another requirement in the Sixth Circuit, and that is that there has to be a finding of willfulness, bad faith, or fault. We've listened to Mr. Chambers. It's hard to find bad faith there. I mean, he has an argument. He thinks he was doing the right thing. You can call him dogged in his determination, but it's hard to find bad faith, isn't it? Where's the bad faith? You can certainly find willfulness. Our position with the district court was that Mr. Chambers walked out of that deposition not because the questions were improper, but because his witness was giving the wrong answers. And it goes back to this opening that Judge Lloyd was referring to. We had the witness stand up and show them the MedRat and allegedly infringing injector. And we said, okay, you say there's an opening on this injector, and you say that in your claims chart, and the claims chart, Your Honor, had a right side and a left side. And I very carefully, through two depositions, through Dr. Helmicky and Dr. Gunther, stayed on the right side of the chart. And Mr. Ramachlis, Mr. Chambers' partner, at Dr. Helmicky's deposition, which preceded Dr. Gunther's deposition, specifically said, if you stay on the right side of the chart, if you show us where those words are on the right side of the chart, the witness can certainly testify about that. And so through a whole deposition involving the syringe sensor, with Mr. Chambers there as well, we asked questions down the right side of the chart, infringing questions, and Mr. Ramachlis objected maybe three or four times. We completed the deposition in about an hour and a half, and we went home. We came back, and this is why I say there's no surprise here. We came back on front load to do exactly the same thing, to go down the right side of the chart. And when I get to the point where I say, on the right side of the chart, you say, the Stellum injector includes a circular opening. Show me that opening on the Stellum injector, and we have it set up there on the video camera. And he says, it's right here. And I said to him, now, on this injector, are you saying it goes back into the opening you're referring to on the right side of the chart? Does that go back into, does that have any depth to it? There's a point to that question, because just inside, on the Stellum injector, just inside the plane of the injector, there's a non-circular ring called the locking ring that you push the injector to. So this is a critical question. Does your infringement contention, the word circular opening, include the locking ring or not? Well, Dr. Kempner was all over the place on that. So, in other words, in order for us to read bad faith, we have to also accept your argument that their witness was giving the wrong answers, and that's why they pulled him down. No, Your Honor, you have to conclude that the district court did not abuse her discretion in finding that. But there has to be some evidence of it. Where's the bad faith? Show us in the records. I'll put it sequentially. We went through the first deposition without incident. We asked the same questions at the second deposition. Dr. Kempner was struggling. Within a half an hour... And they object on a principle with some credibility. I'd have difficulty deciding what's fact and law in some circumstances, and they think this is a problem. These are the questions that district court judges deal with all the time, Your Honor, and they hate them. They really hate them. But that's why this court and other appellate courts give them a zone of discretion. She looked at this and she said, you can't do that. You sit put, you make your objections, you put them on the record. As Judge Bricey said, the worst that happens is if you're right, the answers are meaningless. Mr. McGough might be right. He might be able to ask questions down the right side of the chart, and then he won't have to come back to Cincinnati. And at worst, you should have called me, the judge, as I invited you to do in our conference. If there was any problem, we could have straightened this out. And so, I'm sorry, Mr. Chambers, I find that that's sanctionable. And it would be sanctionable under any number of rules. What about Rule 30d-3? I raised that with Mr. Chambers. He said that that really was inapplicable for two reasons. His argument is that somehow his effort to go and get a protective order trumps that, that it sort of righted the specific controls of the general. But if you go and get a protective order and you're wrong, and you're wrong, what you've done is essentially doubled down the bet. If you walk out of a deposition, if you obstruct a deposition and say, I'm going to go get a protective order because the instances in which you can go get a protective order are very, very narrow. You have to show harassment, annoyance, bad faith on my part for a half an hour into this deposition on the same trajectory we were a week before. They're very narrow. If you stand up after a half an hour in a deposition and say, I'm going to go get a protective order, and I'm pulling my witness out of here, you've basically doubled down your bet. If you are wrong, you can expect to be sanctioned by the court. And that's what Mr. Chambers did. You moved for sanctions? We moved for sanctions. And did you reference Rule 30d-3 to the court in your motion? We referenced Rule 37a-4, which talks about granting a motion to compel, where we had to go and get, immediately after the deposition, we filed a motion to compel the deposition, which the district court granted. And under Rule 37a-4, the district court can award sanctions against the party where we had to go file a motion to compel. Now, Mr. Chambers says, well, not if I... The rule does say, unless the party to be sanctioned demonstrates that their position was substantially justified. The burden is on them. They never really made any effort to show substantial justification in the district court. And there was none. Because by that time, quite frankly, the district court was pretty well peeved at all of us. Now, when Rule 30d comes into play, there's a substantial justification requirement as well. As well, yes. Why isn't there a substantial justification here in the law fact distinction? Well, because the district court held the questions were entirely proper. And this is really... This supposed dilemma that Mr. Chambers supposedly faced is nonexistent. Judge Bryson and Judge Beck laid out for Mr. Chambers what he should have done. And it's very... If you have an objection to make, make it. And then the deposition goes on. The conduct that has to be substantially justified is not the objection that he was making. It's not the fine legal point of whether this went over to claim construction or whether it was on infringement. The conduct he has to show was substantially justified. Who's walking out of the deposition? And what the district court said to him, whatever you can do in that situation, that's not in the repertoire. You can't just walk out. If you have a fine legal distinction you want to make, make your objection. Call me on the phone. But don't walk on the deposition 30 minutes into it. Your Honor, there's also the... The sanctions could be awarded under Rule 37d. No, we did not cite that in our motion. But this court reviews judgments, not opinions. And I would suggest the court, by not specifying which of the rules that she was acting under... I don't believe she had to specify which of the rules. The criteria are pretty much the same under all of them. Rule 37 talks about failure to appear at a deposition. And yes, there's a split in the circuits over whether that means physically fail to appear or show up and not answer questions or leave. But whether it's the rules we cited to her, Rule 37a.4 or Rule 37b.2, or the rules that she could have invoked herself, Rule 30d.3 or Rule 37d, the court had ample authority to control this litigation in the way that she did. What do you think is the best fit of all of those? I think we were right the first time. Rule 37b.2, where the court directs you to do something, you should do it. Thank you, Your Honor. Mr. Chambers has a small amount of rebuttal time. A minute and a half. Thank you, Your Honor. Thank you, Your Honor. In that deposition, we have a right to seek an order from the court under Rule 30d.4. And the issue is not having to do with walking out or anything like that. The issue has to do with whether or not, if you're going to impose sanctions, was the conduct substantially justified? We had four cases, three out of the district courts, one out of the federal claims court, that said these types of questions are inappropriate and should not be asked. And under the Supreme Court Pierce v. Underwood case, substantial justification is a reasonable, a genuine dispute for if reasonable people could differ. None of that was introduced in the district court because they didn't make a motion under Rule 37a.4a. And had they made that motion, we would have had an opportunity to respond. They didn't make a motion under Rule 37.3.  we would have had an opportunity to respond. The only motion is the one that follows page a.177 is under Rule 37b.2 which requires a predicate order, compelling discovery, and that was not present in this case. Thank you, Mr. Chambers. The case will be taken under advisement.